IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARCUS O. SINGLETON,

                     Plaintiff,                         OPINION AND ORDER

   v.

                                              25-cv-915-wmc

DANE COUNTY DISTRICT ATTORNEY
ISMAEL R. OZANNE,

                     Defendant.

---

Plaintiff Marcus O. Singleton, a state prisoner who is representing himself, filed this civil action for money damages under 42 U.S.C. § 1983, alleging that he was denied due process during criminal proceedings against him in Dane County Case No. 2020CF001429. Because plaintiff is incarcerated and is proceeding without prepayment of the filing fee, the court must screen his complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915(e)(2) and 1915A. The court construes a self-represented litigant's complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Even under this lenient standard, however, this action must be dismissed because it is barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).

## OPINION

Plaintiff is presently confined by the Wisconsin Department of Corrections at the Racine Correctional Institution. Public records reflect that plaintiff is incarcerated as the result of his conviction on multiple counts of possessing child pornography in Dane County Circuit

Case No. 2020CF001429.[1]  Plaintiff sues District Attorney Ismael R. Ozanne, alleging that the Assistant District Attorney who prosecuted him in Case No. 2020CF001429 violated his right to due process in connection with a stipulation to introduce "other acts" evidence, which was used to convict him.  Plaintiff alleges further that two unidentified witnesses lied about destroying unspecified treatment records he had requested before trial, which were not retained by a half-way house as required by state and federal law.  Plaintiff seeks $30 million in damages.

However, a prisoner cannot bring a claim for damages under 42 U.S.C. § 1983 if a judgment in his favor would "necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 486-87.  To the extent that plaintiff is seeking damages premised on a wrongful conviction or sentence, therefore, he cannot proceed unless his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Id*.  Here, plaintiff has not alleged, and court records do not reveal, that he successfully obtained relief from his conviction or sentence.

Accordingly, *Heck* precludes plaintiff from pursuing this action for damages and the court must dismiss this case and direct the clerk of court to record a "strike" under 28 U.S.C. § 1915(g).  *See Holmes v. Marion Cnty. Sheriff's Off.*, 141 F.4th 818, 822 (7th Cir. 2025) ("If the court ascertains from the face of the complaint that *Heck* bars a case, it may dismiss the case for failure to state a claim, and the *Heck* dismissal counts as a strike."); *see also Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir.1997) (A complaint that is barred by *Heck* is considered legally frivolous and counts as a "strike" under § 1915(g)).

---

[1] A court may take judicial notice of matters in the public record, including pleadings and orders in previous court cases.  *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997) (collecting cases).

To the extent that plaintiff's claims are barred by the rule in *Heck*, however, the dismissal is without prejudice. *See Johnson v. Rogers*, 944 F.3d 966, 968 (7th Cir. 2019) ("A suit barred by the doctrine of *Heck* is premature and must be dismissed without prejudice."). While the Seventh Circuit has cautioned against dismissing an unrepresented plaintiff's case without giving him a chance to amend, *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016), dismissal of this action without prejudice is appropriate because the pleadings and available public records make clear that plaintiff could not amend his complaint to state a claim for relief in this court. Should plaintiff have any proof that his underlying conviction or sentence has been vacated, he may move promptly to reopen. Alternatively, should he succeed in the future to vacate either, he may have grounds to refile.

## ORDER

As it stands, however, IT IS ORDERED that this case is DISMISSED without prejudice as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The clerk of court is directed to record a strike under 28 U.S.C. § 1915(g), enter judgment in favor of defendant, and close this case.

Entered this 31st day of March, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

3